IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FREDDIE BARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-0900-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for supplemental security income. The Commissioner's decision is affirmed.

I. INTRODUCTION

Plaintiff was born in October 1954, completed high school, but has no past relevant work. The ALJ determined Plaintiff's severe impairments included "obesity, diabetes, neuropathy, and myositis." R. at 13. The ALJ found Plaintiff has the residual functional capacity ("RFC") to "perform medium work…except that the claimant is unable to climb ladders, ropes or scaffolds, or crouch. The claimant must avoid concentrated exposure to extreme cold, extreme heat, and pulmonary irritants such as fumes, odors, dust, gases, and poorly ventilated areas." R. at 14. Based on the testimony of a vocational expert, the ALJ determined Plaintiff could perform work as a linen room attendant, retail ticket stubber, and order filler. R. at 19.

II. LEGAL STANDARD

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence when reasonable minds would accept as adequate to support the

Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

III. DISCUSSION

A.

Plaintiff alleges Dr. Denise Trowbridge ("Trowbridge"), the state agency consultant, formed her medical opinion without the benefit of subsequently created medical records – specifically reports regarding an EMG and a muscle biopsy – and that the ALJ erred in not acknowledging this fact. While it is true Trowbridge did not have the benefit of these subsequently created medical records, this does not undermine the consultant's opinion regarding Plaintiff's condition on the day the opinion was rendered. Plaintiff does not provide, and the Court is not aware of, any legal authority which holds a consultant's medical opinion must be based on subsequently created medical records, or that the consultant's opinion must necessarily be discounted because it is not based on those records. Thus, the Court discerns no error on this point. More importantly, as discussed below, the additional records do not deprive the ALJ's decision of the support required by law.

B.

Plaintiff asserts the EMG and muscle biopsy reports suggest limitations greater than those Trowbridge found Plaintiff to have. In particular, Plaintiff points to notes regarding the biopsy results which state, "Right triceps: Andipose and fibrous connective tissue and scattered muscle fibers with marked freezing artifact. Right

2

Quadriceps: Denervation." R. at 355. Plaintiff also points to notes regarding EMG results which stated Plaintiff had "mild mixed axonal and demyelinating sensorimotor peripheral neuropathy." R. at 346. However, in these same medical records Plaintiff also reported his muscle pain and fatigue were improving and that he walked in the morning and uphill. R. at 340, 355. Moreover, after the biopsy and EMG were performed, Plaintiff's muscle fatigue and pain consistently improved. R. at 340, 347, 355. Given Plaintiff's improvement, the EMG and biopsy results do not indicate Plaintiff had greater limitations than those Trowbridge determined.

C.

Plaintiff maintains that diagnostic imaging from January and February 2012 suggest greater limitations than those Trowbridge or the ALJ found Plaintiff to have. As a preliminary matter, Plaintiff's alleged disability onset date was May 18, 2012, and thus medical records prior to that date have limited import. Regardless, contrary to Plaintiff's assertion, the medical records in question do not demonstrate greater limitations than those Trowbridge and the ALJ determined Plaintiff had. Instead, almost all of the medical concerns were deemed to be "mild" in nature, and thus, cannot be considered disabling. R. at 214, 216, 241.

D.

Plaintiff appears to argue that the ALJ adopted Trowbridge's opinion in its entirety, and that this was error. However, the ALJ did not adopt Trowbridge's opinion in full. Rather, the ALJ found Plaintiff had greater limitations than Trowbridge found. For example, the ALJ determined Plaintiff was not able "to climb ladders, ropes or scaffolds, or crouch," and that Plaintiff "must avoid concentrated exposure to extreme cold, extreme heat, and pulmonary irritants such as fumes, odors, dust, gases and poorly ventilated areas." R. at 14. Trowbridge did not assess similar limitations for Plaintiff. R. 62-68. Accordingly, the Court finds the ALJ did not commit error.

E.

Plaintiff maintains the ALJ committed error in forming the RFC because the ALJ mistakenly assumed that the EMG and the muscle biopsy treatments notes were not in the Record, and that these medical records suggest greater limitations than those reflected in Plaintiff's RFC. It does appear the ALJ was mistaken when she stated the biopsy "results are absent from the medical records as was an EMG purportedly done in 2013." R. at 16. However, as previously discussed in Section III.B, these records showed Plaintiff's muscle fatigue and pain consistently improved. Even though the ALJ may not have reviewed the biopsy and EMG results, these records do not indicate Plaintiff had greater limitations than the ALJ assigned to him.

F.

Plaintiff claims the ALJ needed to further develop the record because "some medical evidence must support the determination of Plaintiff's RFC." First, while "a claimant's RFC is a medical question…in evaluating a claimant's RFC, and ALJ is not limited to considering medical evidence exclusively." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). It is simply not true that the RFC can be proved *only* with medical evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam). Further, the ALJ must base the RFC on "all relevant evidence, including the medical records, observations of treating physicians and others, and individual's own descriptions of his limitations." *McKinney v. Apfel*, 228 F.3d at 863; *see also Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001).

Here, the ALJ relied on extensive medical evidence in determining Plaintiff's RFC. For example, he relied on medical records from Truman Medical Centers and Swope Health Services. Exhibits 3F, 5F. The medical evidence that existed was sufficient to support the ALJ's determination regarding Plaintiff's abilities.

Second, Plaintiff bears the burden of establishing his disability. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v.*

4

*Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (internal citations and quotations omitted). The ALJ is not required to rely on opinion evidence in determining Plaintiff's RFC. *Id.* at 927. Additionally, "an ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's opinion." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). Here, the ALJ was not required to further develop the record, because "there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005).

## IV. CONCLUSION

The Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED

DATE: August 18, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT